NORTHERN ASSURANCE COMPANY, LIMITED OF LONDON, Appellant, *v.* B. A. W. TRUCKING Co., INC., Respondent.

First Department, October 29, 1937.

*Bert Cotton* of counsel [*Norman S. Rein,* attorney], for the appellant.

*Edward Fingerman* of counsel [*Lawrence Ebstein* with him on the brief], for the respondent.

CALLAHAN, J. The question involved on this appeal is whether plaintiff's damages were properly limited to $450.

Plaintiff sued as assignee of two corporations: (1) The National Blouse Corporation of New York city (hereafter referred to as the blouse company) and (2) the New Era Dress Company, Troy, N. Y. (hereafter referred to as the dress company).

The claim involved a loss sustained when certain merchandise shipped by the blouse company to the dress company was destroyed by fire. The value of the merchandise was $4,203.68.

The contract with respect to the shipment of this merchandise was made orally between the dress company and the defendant, a common carrier, about a year before the shipment in question, the arrangement being that the carrier was to call on various customers in New York city for whom the dress company acted as contractors, and obtain merchandise for transportation to the dress company in Troy, N. Y. The dress company paid the cost of transportation, based on the weight of the goods upon arrival in Troy. After the goods were manufactured into dresses, they were to be returned to the customers, the return freight being again paid by the dress company. A fixed scale of prices for transportation was agreed on.

No limitation of liability was contained in this oral contract. Though defendant contended it maintained different rates based upon stated values, it conceded that no discussion was had with the dress company with respect to declaring values, and that no choice of rates was afforded to the dress company.

Pursuant to the customary method of conducting business, the following receipt was signed by defendant's driver and given to the blouse corporation's shipping clerk, in connection with the shipment of the property involved herein:

" RECEIVED in good order from National Blouse
1372 Bway for New Era

Troy, N. Y.

| Description | Weight | Value | Charges |
|---|---|---|---|
| " Two (2) Case | | | Collect |
| " Shiek (2) | | | |

" NOTE.— The Company will not pay over $50. in case of loss, or 50 cents per pound actual weight, for any shipment in excess of 100 pounds, unless greater value is declared and charges for such greater value paid.
" Signed...................................."

While an agent appointed to ship goods has implied authority to accept customary bills of lading, and make reasonable terms concerning affreightment, this rule does not permit the agent to modify the terms of the contract of shipment on which the principals have already agreed. (See *Jennings* v. *Grand Trunk Railway*, 127 N. Y. 438, 449; Mechem on Agency [2d ed.], § 1047.)

Here the carrier relies on a clause limiting liability based on an alleged choice of rates offered to the shipper. The carrier failed to establish that it afforded any such choice of rates to the dress company. Apparently the cost of transportation was agreed on between the principal parties without any opportunity to exercise such choice. Defendant's president testified that the blouse company had " no say in the matter " of rates.

Assuming that there was a sufficient disclosure of varying rates to the blouse company by the clause appended to the receipt, this took place after the rates had been agreed on, and, in the absence of knowledge by the dress company of the practice of the blouse company in accepting such receipts, no agreement limiting liability, binding on the dress company, was entered into. The result might be different if it had appeared that the dress company, with knowledge, actual or constructive, of the execution of receipts limiting the defendant's liability, had acquiesced therein.

To permit a carrier to limit liability under the facts disclosed here would nullify the rule requiring the carrier to afford the shipper a choice of rates in order to limit liability.

Cases such as *Shelton* v. *Merchants' Dispatch Transportation Co.* (59 N. Y. 258) and *Donovan* v. *Standard Oil Co.* (155 id. 112) are not controlling. Those were instances where the shipping agent was permitted to complete the contract of carriage by including terms of shipment with relation to matters on which the minds of the parties had not yet met.

The dress company having become the bailee of the merchandise, it was a proper party to prosecute a claim for the loss of the goods bailed. (*Rogers* v. *Atlantic, Gulf & Pacific Co.*, 213 N. Y. 246, 258.) Plaintiff, as the dress company's assignee, succeeded to the legal rights of that company. Its claim does not rest upon its right as subrogee of the National Blouse Corporation.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.