ROBERT KORESKA, Doing Business as W. KORESKA, Appellant, v. UNITED CARGO CORP., Defendant-Respondent and Third-Party Plaintiff-Respondent. PARKER-WHITNEY LTD., Third-Party Defendant-Respondent.

First Department, April 1, 1965.

38

*Robert Braunschweig* of counsel (*Hans Harnik* and *Martin Paul Solomon* with him on the brief; *Wachtell Manheim & Grouf,* attorneys), for appellant.

*Herbert B. Ruskin* of counsel (*Levin, Kreis, Ruskin & Gyory,* attorneys), for respondent.

*Per Curiam.* Plaintiff, an Austrian manufacturer and seller of thermographic copying paper, appeals from an order denying his motion for summary judgment for the value of paper allegedly converted by defendant United Cargo Corporation. United, a carrier, having issued a negotiable order bill of lading for the goods, consisting of four large packages, delivered them to the New York purchaser without requiring or taking up the bill of lading, and before plaintiff had received his purchase price.

The substantial question presented is whether United has raised a triable issue of fact in contending that it was excused from its duty of requiring surrender of the bill of lading before delivering the goods. United urges that it was so excused by an oral waiver made by plaintiff's agent and also by a binding trade custom or course of dealing.

It is concluded that United has failed to raise any triable issue as to the alleged oral waiver, and that the order denying plaintiff's motion for summary judgment should be reversed, and his motion granted.

The material facts are as follows. Defendant United is the operator of a container delivery service between the United States and Europe. Plaintiff Koreska had either sold or had contracted to sell the goods in issue to a New York buyer, third-party defendant Parker-Whitney Ltd. Thereafter a forwarding agency, Allgemeine Land-und Seetransportgesellschaft Hermann Ludwig,* procured from United the negotiable bill of lading, naming Koreska's collecting agent, a New York bank, as consignee. The document required that the arrival notice be sent to the New York buyer, Parker-Whitney. On arrival of the goods in New York, in November, 1963, United delivered them to the buyer, Parker-Whitney, without requiring the bill of lading.

---

* There is inconclusive but uncontradicted evidence in the record that Allgemeine functioned as an agent for United in Germany in receiving merchandise shipped through United.

The merits of United's third-party complaint against the buyer, Parker-Whitney, are not now before the court. The fact that issue was not joined in the third-party action at the time of the making of this motion for summary judgment in the primary action is no procedural bar to the motion under CPLR 3212 (subd. [a]), since the seller, Koreska, seeks no relief in this action against his buyer, Parker-Whitney (see *American Sur. Co.* v. *Manufacturers Trust Co.*, 3 Misc 2d 363, 367–368, affd. 3 A D 2d 831; cf. CPLR 3402, subd. [b]; but, see, CPLR 1008; contra: *Mansfield Iron Works* v. *Silveri*, 106 N. Y. S. 2d 496).

It is claimed that there are contested factual issues whether the seller, Koreska, waived the requirement that United, the issuer of the negotiable document of title, take it up before delivering the goods. United's New York import manager states that, in accordance with a regular course of dealing between the parties, Allgemeine's New York representative, on behalf of Koreska, orally authorized United to make delivery to Parker-Whitney without awaiting presentment of the bill of lading. Allgemeine's New York representative, on the other hand, denies having given such permission, denies that Allgemeine was acting as Koreska's agent, and denies knowledge of such a course of dealing or trade custom.

Although there may be factual issues with respect to the making of the oral waiver and the existence of the course of dealing, United has failed to give any evidentiary facts showing that Allgemeine was Koreska's agent for purposes of modifying the terms of the bill of lading. The evidentiary facts are to the contrary. Another bill of lading, covering a prior sale from Koreska to Parker-Whitney expressly refers to Allgemeine as " agent of UCC ", meaning agent of defendant United. Moreover, both this prior bill of lading and the one covering the goods in issue show the New York bank as consignee and require that the goods be delivered to its order. Thus the New York bank was known to United to be the appropriate New York representative of Koreska on all matters relating to delivery of the goods.

It is hornbook law that an agent may be one party's agent for one purpose and another party's agent for another (2 N. Y. Jur., Agency, § 205). Thus, Allgemeine may have had powers, not shown in this record, to bind United with respect to the issuance of a bill of lading and perhaps to bind Koreska with respect to receipt thereof and payment therefor. Even if such be the case, the agent's powers are limited to the particular purpose for which the agency is, or appears to be, created

(*id.*, § 143; *Northern Assur. Co. v. B. A. W. Trucking Co.*, 252 App. Div. 323; *Doubleday v. Kress*, 50 N. Y. 410). In the *Northern Assurance* case, Mr. Justice CALLAHAN, on behalf of this court held (p. 324): "While an agent appointed to ship goods has implied authority to accept customary bills of lading, and make reasonable terms concerning affreightment, this rule does not permit the agent to modify the terms of the contract of shipment on which the principals have already agreed. [Citing authorities]." The language and the rule as stated are precisely applicable to the situation in this case. Thus, United's conclusory statement that Allgemeine is Koreska's agent is doubly defective. It is not an evidentiary fact, as is required to avoid summary judgment (CPLR 3212, subd. [b]); and it is not even probative of Allgemeine's power to bind Koreska in the manner claimed.

Even if a factual issue had been raised with respect to Allgemeine's agency, Koreska would be entitled to summary judgment. In the case of an order, or negotiable, bill of lading, as opposed to a straight, or nonnegotiable bill, it is ordinarily the consignee or other holder of the negotiable bill, who alone is entitled to authorize a diversion or modification of the delivery term (former Personal Property Law, § 197; cf. § 198; cf. Uniform Commercial Code, § 7–303, subd. [1], par. [a]; § 7–403, eff. Sept. 27, 1964). Even if Allgemeine obtained possession of the bill after authorizing the waiver, as claimed by United, it was never a holder with power to divert, in the absence of an actual indorsement of the bill to it (former Personal Property Law, § 197, subd. [b]; § 198, subd. [c]; cf. Uniform Commercial Code, § 1–201, subd. [20]). Moreover the seller-shipper, Koreska, never became a consignee or holder, and therefore did not, under these rules, have the power to divert the goods without the co-operation of its collecting agent-consignee, the New York bank. It follows that its alleged agent, Allgemeine, similarly had no such power.

A further reason why United may not avail itself of the alleged waiver, is that the waiver was oral only, and would modify the express term of the bill that delivery was to be made at the order of the New York bank consignee. One of the conditions printed on the back of the bill provides: "None of the terms of this bill of lading shall be deemed to have been waived by any person unless by express waiver signed by such person, or his duly authorized agent". Ordinary prudence, moreover, would dictate that the carrier require that such instructions be noted on the bill itself (cf. Uniform Commercial Code, § 7–303, subd. [2]).

For similar reasons evidence of the course of dealing or trade custom is also without significance. The express term, requiring delivery in accordance with the consignee's order, is controlling, whenever the course of dealing or trade custom is inconsistent with it (see *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22, 32–34; *Rothstein Corp.* v. *Kerr S. S. Co.*, 21 A D 2d 463, affd. 15 N Y 2d 897; cf. Uniform Commercial Code, § 1–205, subd. [4]).

In the absence of a triable issue of fact, summary judgment must be granted. Summary relief is, moreover, particularly appropriate in commercial cases, such as this, where the injured party is far away and has relied on documentary rights and evidence. If a trade custom or the oral waiver by an unknown purported agent, contrary to the plain terms of trade documents, were given the effect contended for by United, the ability of such a distant person to engage in foreign trade in reliance on negotiable documents of title would be severely and unduly handicapped. Allowance of such a practice is certainly destructive of the integrity of documents used in international trade throughout the world.

Accordingly, the order denying plaintiff Koreska's motion for summary judgment should be reversed on the law, and summary judgment for $13,939.72, the invoice price, in favor of plaintiff, granted, with costs and disbursements to plaintiff-appellant against defendant-respondent.

STEVENS, J. (dissenting). I dissent and vote to affirm. In this cause of action for conversion there can be no dispute that the goods were not delivered in accordance with the terms of the bill of lading. In my view, however, there exist questions of fact as to the agency as to whether delivery of the goods was authorized by plaintiff's agent, as defendant contends, or whether the individual in question was in fact the agent of the defendant.

Defendant, a common carrier, received these goods for shipment from Allgemeine Land-und Seetransportgesellschaft Hermann Ludwig, as agents only (Allgemeine). The bill of lading provided delivery was to be made against the original bill of lading only. The affidavit submitted in support of the motion for summary judgment stated that on November 7, 1963 defendant issued a negotiable order bill of lading to plaintiff's agent Allgemeine for shipment from plaintiff of four containers of paper to New York. Plaintiff now asserts that statement is error and that Allgemeine in fact was the agent of defendant. Defendant claims that one Abbe, an employee of Allgemeine,

directed that delivery be expedited and that it was requested to handle the delivery in the usual manner, that is without surrender of the bill of lading. Over a period of time this plaintiff had sold goods to Parker-Whitney Ltd., the party to whom the goods in this case were delivered, and such goods were shipped by United Cargo Corporation, defendant here. The shipment in question, consisting of four containers, was apparently a part of a larger shipment of 13 containers as appears from the statement of freight and charges. These goods were consigned to Bankers Trust Company with arrival notice to be given to Parker-Whitney Ltd. The affidavit of the president of the firm, one Charchat, alleges that in accordance with their usual course of dealing and for the convenience of both shipper and consignee it had been the practice to make delivery without requiring surrender of the original bills of lading, and that the other 9 containers covered by the statement of freight and charges were also delivered without requiring delivery of the bill of lading, that this particular shipment was released to Parker-Whitney on November 21, 1963 and no complaint was made of improper delivery until May, 1964. To counter the assertions of the defendant, plaintiff produced an affidavit by Abbe in which he stated that he and his employer Allgemeine acted as the agent of the defendant and not as the agent of the plaintiff, and he also stated that the office of the defendant in Hamburg, Germany, the point of shipment, is the office of Allgemeine.

While all of this makes out a strong case for plaintiff, yet from the record there still remains a question as to the exact status of Abbe and his employer Allgemeine as to whose agent they in fact were. If they acted as the agent for the plaintiff and if in fact they authorized delivery without the surrender of the bill of lading then there was no conversion. (Cf. Uniform Commercial Code, §§ 7-302, 7-303.) The matter should not be disposed of summarily but should await trial for development of the issue.

BREITEL, STEUER and BASTOW, JJ., concur in *Per Curiam* opinion; STEVENS, J., dissents in opinion, in which BOTEIN, P. J., concurs.

Order, entered on October 19, 1964, reversed on the law, with $30 costs and disbursements to appellant and the motion for summary judgment for $13,939.72, the invoice price, in favor of plaintiff, is granted.