MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant, v BARRY WAREHOUSES, INC., Defendant, and RICHARD J. ALLAIRE et al., Respondents.

Fourth Department, November 6, 1975

*Hodgson, Russ, Andrews & Goodyear (Albert Baker* of counsel), for appellant.

*Bertil L. Peterson* for respondents. (No brief or appearance.)

MAHONEY, J. Plaintiff appeals from an order denying its motion to grant summary judgment against the defendants-respondents, Richard J. Allaire and Dorothy B. Allaire ("Allaires"). The facts are not in dispute. The action was based upon a demand note and a loan agreement owing to the plaintiff-appellant, Manufacturers and Traders Trust Company ("M & T"), in the amount of $31,052.65 with interest. Subsequently Allaires, by virtue of a guarantee and indemnity agreement dated September 19, 1972 became personally liable to M & T for the afore-mentioned indebtedness of Barry Warehouses ("Barry"). At the time this guarantee and indem-

nity agreement was executed the Allaires were the sole stockholders of Barry.

In September, 1974 plaintiff brought suit on the debt by serving a summons and verified complaint upon both Barry and the Allaires. Barry answered the complaint with a general denial. The Allaires served an answer on October 18, 1974, denying liability for the debt and setting forth a defense that, because of an agreement dated September 5, 1974 between the Allaires and a New York business corporation known as Cross Country Industries, Inc. ("Cross Country"), this corporation took title to all outstanding stock of Barry and agreed to indemnify and hold the Allaires harmless for any loss which they might suffer as guarantors for the indebtedness of Barry created by the previously mentioned demand note.

Plaintiff, M & T was not a party to the agreement between the Allaires and Cross Country and did not consent thereto.

By notice of motion returnable on January 7, 1975 M & T moved at Special Term in Erie County for summary judgment against Barry and the Allaires. Barry did not appear or submit opposing affidavits. The Allaires appeared by attorney and by affidavit sworn to on January 6, 1975, in which the existence of the indemnity agreement between Cross Country and the Allaires was set forth, claimed that it would be "unjust and inequitable to permit a judgment to be taken against [them] without a concurrent decision as to the liability of Cross Country". Affixed to this affidavit was a copy of a third-party complaint in which the Allaires were named as third-party plaintiffs in an action against Cross Country as third-party defendant. There is nothing in the record that shows service of this third-party complaint upon Cross Country. The order appealed from followed the determination of Special Term which granted M & T summary judgment against Barry but denied the motion against the Allaires on the ground that while there was no issue of fact, summary judgment should await the resolution of the third-party action pending between the Allaires and Cross Country.

The Court of Appeals has consistently held that "the test on a motion for summary judgment is whether there are issues of fact properly to be resolved by a jury" (*Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169, 172). The shadowy semblance of an issue is not sufficient, however, to defeat a motion for summary judgment (*Koppers Co. v Empire Bituminous Prod.,*

35 AD2d 906, affd 30 NY2d 609). CPLR 3212 (subd [b]) states: "The motion shall be granted if * * * the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." The section further provides that "[t]he motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact". Since Special Term held that there was no defense and no triable issue of fact and the record supports that finding, we must determine whether the existence of a third-party action bars the granting of summary judgment in the primary action.

While it is conceded that the ultimate debt might well lie with Cross Country, the alleged third-party defendant, we note that this corporation did not appear on the return date of this motion and was not even served until January 6, 1975, one day prior to the return date of the motion and two days prior to the argument.

Respondents contend that the existing third-party action is ample authority for Special Term's finding that the motion for summary judgment against Allaires should be denied "in the interest of justice". We are aware that in a proper case the existence of a pending third-party action may serve as a procedural bar to the granting of summary judgment in the main action (cf. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212, p 434). However, such is not the case here. In this case the defendants, Allaires, personally guaranteed an indebtedness of Barry Warehouses, of which they were the sole stockholders. Later, they sold Barry to Cross Country and obtained a hold harmless agreement from Cross Country on their guarantee to M & T.

Since plaintiff bank (M & T) was not aware of this guarantee advanced as a defense by the Allaires and did not consent to it, it is a denial of justice to the plaintiff were its motion for summary judgment against the defendants, Allaires, to be denied *(Koreska v United Cargo Corp.,* 23 AD2d 37).

The order denying the motion for summary judgment against the Allaires should, therefore, be reversed and the motion granted.

Marsh, P. J., Cardamone, Del Vecchio and Witmer, JJ., concur.

Order unanimously reversed with costs and motion granted.