■ MANUFACTURERS AND TRADERS TRUST COMPANY, Appellant, v JOHN MURDEVSKI, Doing Business as ROCKING HORSE INN, Respondent.—Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: Plaintiff, assignee of an agreement for the lease of telephone equipment, is entitled to summary judgment in its action brought against the lessee for payments due under the lease. Defendant admitted that he did not make the payments due under the lease, but opposed the motion for summary judgment on the grounds that the telephone equipment was defective and that the lessor failed to comply with the terms of a separate maintenance agreement. The lease agreement contains a clause that the lessee acknowledges the assignment of the lease to plaintiff and agrees to make the payments due under the lease notwithstanding any defenses it may have against the lessor. This clause, sanctioned by Uniform Commercial

Code § 9-206 (1), precludes defendant from raising the defenses he attempts to raise in opposition to the motion for summary judgment, provided that plaintiff took the assignment for value without notice of any defenses *(see, Federal Deposit Ins. Corp. v Kassel,* 72 AD2d 787; *National Bank v DeLuxe Poster Co.,* 51 AD2d 582).

Plaintiff, in its moving papers, stated that at the time it took the assignment and advanced funds to the lessor, it had no knowledge of the defenses raised by defendant. In opposition to the motion, defendant did not controvert this showing and, thus, he failed to raise a triable issue. Defendant argues for the first time on appeal that the motion should have been denied to enable him to seek discovery so he might be able to prove that plaintiff had notice of the defenses at the time it took the assignment. Since defendant failed to make a showing in his papers in opposition to the motion "that facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]), and failed to raise a triable issue, Special Term was required to grant plaintiff's motion (CPLR 3212 [b]).

The recent service of a third-party summons and complaint by defendant upon the lessor should not preclude summary judgment in the main action merely because the third-party defendant will not be bound thereby *(see, Manufacturers & Traders Trust Co. v Barry Warehouses,* 49 AD2d 320; *Koreska v United Cargo Corp.,* 23 AD2d 37). The principal issues in the third-party action will concern the defenses which defendant may assert against the lessor but is precluded from raising in the main action, and it is unlikely that any of the facts underlying the judgment in the main action will be contested in the third-party action. (Appeal from order of Supreme Court, Monroe County, Curran, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.