■ Amsterdam Savings Bank, Respondent, v Kenneth Reinhart, Sr., et al., Appellants.—Casey, J. Appeal from an order of the County Court of Montgomery County (White, J.), entered December 4, 1981, which granted plaintiff's motion for summary judgment in lieu of complaint.

On June 16, 1978, defendants applied for a loan of $3,300 from plaintiff and executed a promissory note under which they agreed to repay plaintiff the total sum of $4,362.24 in 48 equal monthly installments. This amount represented the principal and interest due on the loan, plus a fee for credit accident and health insurance. Such insurance was requested by plaintiff, applied for by defendant Kenneth Reinhart, Sr. (hereinafter defendant) and was intended to provide monthly indemnity benefits to cover the loan in the event the debtor (defendant) became sick or disabled during the period of the contract. In the certificate of insurance issued to defendant, plaintiff was designated policyholder and defendant the insured.

Defendant paid the premiums due under the policy; subsequently he became disabled and made a claim against the insurer for benefits. The claim was rejected for the reason that defendant had been under medical treatment prior to the credit application and his preexisting condition disqualified him. During the time that defendant's claim was being processed, plaintiff made no attempt to collect the monthly payments due. However, on or about February 10, 1981, plaintiff brought a motion for summary judgment in lieu of complaint, pursuant to CPLR 3213, to recover $3,157.65 plus

interest, the remaining balance due and owing on the note. By way of defense, defendants asserted only plaintiff's failure to proceed against the insurance company to recover the money to pay off the note. County Court rejected this defense as legally insufficient and granted judgment in plaintiff's favor. Defendants appeal. We agree with the determination of County Court.

Plaintiff here has a master policy of insurance, commonly called credit insurance, to protect it against nonpayment of debts due to the death or disability of its debtors. Such insurance is available to the debtor at his election and, if such election is made, the debtor pays a premium and receives a certificate that he is an insured under the policy. Credit insurance is a third-party beneficiary arrangement *(see, Mutual Bank & Trust Co. v Shaffner,* 248 SW2d 585, 591 [Mo]), under which plaintiff is a creditor beneficiary *(see,* 4 Corbin, Contracts § 787, at 95, 102). The contract is a contract to indemnify, although plaintiff as the beneficiary has the right to maintain an action for payment under the policy *(see, Lawrence v Fox,* 20 NY 268). However, neither the loan agreement nor the promissory note contains any provision requiring plaintiff to sue the insurer before proceeding against defendant debtor in the event of a default due to disability.

Defendants' obligation to plaintiff is unconditional and the existence of insurance does not change defendants' status as primary debtors under the note *(see, Universal Oven Co. v Chase Manhattan Bank,* 79 AD2d 654). The defense interposed by defendants was, therefore, legally insufficient *(see, Manufacturers & Traders Trust Co. v Barry Warehouses,* 49 AD2d 320) and was properly stricken by County Court. Inasmuch as the existence of the debt is not disputed, summary judgment was properly granted to plaintiff *(see, Grasso v Shutts Agency,* 132 AD2d 768, *appeal dismissed* 70 NY2d 797).

We add that this determination has no effect on defendants' rights in any action brought against the insurer under the policy. The order should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.