SUZANNE CONNORS, Appellant, v WILMORITE, INC., et al., Respondents and Third-Party Plaintiffs. CASHETTE ELECTRIC, INC., et al., Third-Party Defendants-Respondents. [639 NYS2d 620]

Memorandum: Supreme Court erred in denying plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1). From our review of the record, we conclude that plaintiff met her burden of establishing, by the submission of evidentiary proof in admissible form, "a violation of Labor Law § 240 and that the violation was a proximate cause of [her] injuries" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979).

Plaintiff, an employee of third-party defendant Cashette Electric, Inc., was injured on January 18, 1994, while operating a motorized "skylift" in a shopping mall owned by defendant Greece Town Mall. It is undisputed that plaintiff was performing electrical work on a construction project from the bucket of the skylift approximately 20 feet above the floor when one of its wheels entered a hole in the floor, causing the skylift to tip over, and propelling plaintiff to the floor. Although an orange cone had been placed in the hole, there were no barricades around the hole.

In opposition to plaintiff's motion, defendants failed to submit evidentiary proof in admissible form showing the existence of a material issue of fact to require a trial (*see, Boshart v City of Buffalo*, 185 AD2d 706, 707). We reject defendants' contention that plaintiff's action was not a foreseeable consequence of the situation created by the existence of the hole in the floor (*see, Orcutt v American Linen Supply Co., supra*, at 980).

Lastly, the contention of third-party defendant Raymond LeChase, Inc., that plaintiff's motion was premature because issue had not been joined in the third-party action is not before us because it was not raised before the nisi prius court (*see, Manufacturers & Traders Trust Co. v Murdevski*, 126 AD2d 952, 953). In any event, that contention lacks merit (*see, Orcutt v American Linen Supply Co., supra*, at 980). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Labor Law.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.