■ JAMES R. AMAN et al., Respondents, v FEDERAL EXPRESS CORPORATION, Appellant and Third-Party Plaintiff-Appellant, et al., Defendant. METRO ELECTRICAL CONSTRUCTION CO., INC., Third-Party Defendant-Respondent. [668 NYS2d 804] —Order

unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted plaintiffs' motion for summary judgment on the issue of the liability of defendant and third-party plaintiff Federal Express Corporation (Fed Ex) under Labor Law § 240 (1). Contrary to Fed Ex's contention, there are no unresolved material issues of fact concerning the proximate cause of the injuries of James R. Aman (plaintiff). The undisputed evidence establishes that plaintiff sustained his injuries by falling from a ladder while attempting to perform work that Fed Ex had contracted out to third-party defendant, Metro Electrical Construction Co., Inc. (Metro). "Summary judgment is appropriate if plaintiff's account of the accident is uncontroverted or if defendant is unable to show, other than by speculation without factual support, that a bona fide [factual] issue exists" (*Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980, 981; *see also, Turner v Eastman Kodak Co.*, 210 AD2d 883). Fed Ex contends that plaintiff was able to fall off the ladder because there were no safety devices and thus that the absence of safety devices in effect saved plaintiff from electrocution. That contention is sheer speculation and insufficient to raise a triable issue of fact (*see, Connors v Wilmorite, Inc.*, 225 AD2d 1040).

The court, however, erred in denying Fed Ex's motion for conditional summary judgment on common-law indemnification from Metro, in light of the undisputed fact that Fed Ex did not control, direct or supervise plaintiff's work (*see, Abramo v Pepsi-Cola Buffalo Bottling Co., supra,* at 982). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Boehm and Fallon, JJ.