■ JAMES AMAN et al., Plaintiffs, v FEDERAL EXPRESS CORPORATION et al., Defendants. NATIONAL ELECTRIC CONSTRUCTION Co., INC., Third-Party Plaintiff-Appellant, v METRO ELECTRICAL CONSTRUCTION CORP., Third-Party Defendant-Respondent. [772 NYS2d 179]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered October 29, 2002. The order granted third-party defendant's motion in limine.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiffs commenced this action against defendants-third-party plaintiffs, Federal Express Corporation (Fed Ex) and National Electric Construction Co., Inc. (National), who in turn commenced third-party actions against third-party defendant, Metro Electrical Construction Corp. (Metro). Plaintiffs asserted a Labor Law § 240 (1) cause of action against Fed Ex and a common-law negligence cause of action against National. Supreme Court granted National's motion to sever the common-law negligence cause of action against National and National's third-party action from the Labor Law § 240 (1) cause of action against Fed Ex and Fed Ex's third-party action. The court thereafter granted plaintiffs' motion for summary judgment on liability against Fed Ex and denied the motion of Fed Ex for conditional summary judgment on common-law indemnification from Metro, and we modified that order by granting the motion of Fed Ex on common-law indemnification (*Aman v Federal Express Corp.*, 247 AD2d 879 [1998]). The trial on damages was then held and judgment was entered, and we modified the judgment with respect to damages on past and future pain and suffering (*Aman v Federal Express Corp.*, 267 AD2d 1077 [1999]). After that second appeal, Metro, on behalf of Fed Ex, paid plaintiffs the amount of the judgment plus interest.

Prior to the trial on liability between plaintiffs and National and the apportionment of liability between National and Metro, Metro moved in limine for an order limiting the proof in that

trial to the amount of the judgment with interest and preventing National from segregating the proof on damages. Essentially, Metro sought contribution from National for the amount of the judgment and the amount of interest that Metro paid from the date of the jury verdict to the date of payment of the judgment. The court erred in granting that motion. We agree with National under the circumstances of this case that it is not responsible for the interest sought because no judgment has yet been entered against National. National is not responsible for interest until such time as there is a judgment entered upon a finding of liability against it, if ever, and it thereafter fails to pay the judgment (*see* CPLR 5003). Present—Pine, J.P., Wisner, Scudder, Kehoe and Hayes, JJ.