■ MICHAEL J. SZWAJKOS, as Administrator of the Estate of MARY A. SZWAJKOS, Deceased, Appellant-Respondent, v JOHN G. CHENEY, JR., Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Supreme Court properly dismissed the first three causes of action. The contract allegedly breached could not be completed before the end of a lifetime, and thus was not enforceable because it was not reduced to writing (General Obligations Law § 5-701). The court, however, should have granted defendant's motion for summary judgment by also dismissing the fourth cause of action for fraud. That cause of action, based on a statement of future intentions, neither alleges that defendant, when he entered into the contract, did not intend to honor or act on his statement nor contains any factual assertions from which that conclusion can be drawn (see, Lanzi v Brooks, 43 NY2d 778).

Moreover, the undisputed proof submitted on the motion shows that defendant did attempt to carry out the promise made to decedent by applying for an insurance policy on his life. It was only after his application was rejected for health reasons that the proposed consummation of a buy and sell agreement was abandoned.

Further, the proof indicates that plaintiff's decedent did not

rely upon the promise allegedly made by defendant. Plaintiff's decedent and defendant each owned one half of the shares of stock of a corporation. It is plaintiff's contention that decedent and defendant agreed to obtain a policy of insurance on each of their lives and to make the other the beneficiary so that the first to die could purchase the stock from the estate of the other. After plaintiff's decedent became aware that defendant's application for the life insurance policy was rejected, she continued to maintain defendant as a beneficiary on her policy and, in fact, increased the amount of the policy.

The order appealed from should be modified, therefore, by dismissing the complaint in its entirety. (Appeals from order of Supreme Court, Erie County, Doyle, J.—summary judgment.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ.