■ LEWIS LUBITZ et al., Plaintiffs, v GEORGE MEHLMAN,

Respondent; MORRIS FELLNER, Respondent-Appellant, and LOUIS GROSSMAN, as Executor of HARRY GROSSMAN, Deceased, Intervenor-Appellant, et al., Defendants.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about February 27, 1990, which denied the motion by respondent Morris Fellner seeking to transfer the underlying action, which had already been tried and was awaiting decision, from the First Judicial District, New York County, to the Eleventh Judicial District, Queens County, unanimously affirmed, without costs and without disbursements.

CPLR 510 (2) provides that the court, upon motion, may change the place of trial of an action where "there is reason to believe that an impartial trial cannot be had in the proper county". It is well settled that the moving party must make a factual showing sufficient to support such a determination *(Kenford Co. v County of Erie,* 38 AD2d 781), and further, that the judicial discretion of the court will not be disturbed in the absence of a showing that such discretion has been abused *(Stavredes v United Skates,* 87 AD2d 502).

The IAS court did not abuse its discretion in determining that the appearance of Louis Grossman, formerly an acting Justice of the Supreme Court, New York County, as executor of the estate of his late brother, Harry Grossman, the temporary receiver in the underlying action, did not mandate a change of venue. The IAS court clearly stated the reasons for its denial of the motion. Concur—Murphy, P. J., Kupferman, Sullivan and Carro, JJ.