■ CRAWFORD FURNITURE MFG. CORP., Respondent-Appellant, v PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, Appellant-Respondent. [668 NYS2d 122] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiff's motion for partial summary judgment, confirming a portion of the umpire's award, and awarding plaintiff the sum of $303,891.00. Plaintiff's motion sought confirmation of an umpire's award, made pursuant to an appraisal process set forth in the insurance contract entered into by the parties. We agree with defendant that issues of fact preclude summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

The court properly denied that portion of defendant's motion seeking dismissal of the cause of action under General Business Law § 349. The allegations of the complaint are sufficient to state a cause of action under that section, i.e., that defendant engaged in acts and practices that are deceptive or misleading in a material way and caused injury to plaintiff (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 320).

The court erred, however, in denying that portion of defendant's motion to dismiss the request for consequential damages in the breach of contract cause of action. Plaintiff failed to establish that such damages were reasonably foreseeable or contemplated by the parties when the contract was formed (*see, American List Corp. v U.S. News & World Report,* 75 NY2d 38, 42-43; *Kenford Co. v Erie County,* 67 NY2d 257, 261), and, indeed, the contract at issue contains a provision excluding from business interruption coverage "any other consequential loss".

The court properly granted that portion of defendant's motion seeking dismissal of the fraud cause of action. Because the

allegations of fraud relate to the alleged breach of the underlying contract, no independent fraud cause of action may be asserted (see, Nice v Combustion Eng'g, 193 AD2d 1088, 1089; Schunk v New York Cent. Mut. Fire Ins. Co., 237 AD2d 913, 915; Fourth Branch Assocs. Mechanicville v Niagara Mohawk Power Corp., 235 AD2d 962, 963). Inasmuch as the demand for punitive damages arises out of the fraud cause of action, the court also properly dismissed that demand. "A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action such as fraud" (Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 616).

We therefore modify the order by denying plaintiff's motion for partial summary judgment and by granting that portion of defendant's motion seeking dismissal of so much of plaintiff's breach of contract cause of action seeking consequential damages.

All concur except Lawton, J. P., who dissents in part and votes to modify in accordance with the following Memorandum:

Lawton, J. P. (dissenting in part). I respectfully dissent in part. This is not the type of case to which General Business Law § 349 is intended to apply. In order to state a viable cause of action under section 349, a plaintiff must allege conduct that is "consumer oriented" (New York Univ. v Continental Ins. Co., 87 NY2d 308, 321). Rather, this case involves "a 'private' contract dispute over policy coverage and the processing of a claim which is unique to [the] parties, [and] not conduct which affects the consuming public at large" (New York Univ. v Continental Ins. Co., supra, at 321). Consequently, I would further modify the order by granting that portion of defendant's motion seeking dismissal of plaintiff's cause of action pursuant to General Business Law § 349. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.