■ WELCH FOODS, INC., Respondent, v RALPH W. WILSON et al., Defendants, and VILLAGE OF WESTFIELD, Appellant and Third-Party Plaintiff-Appellant. MOGEN DAVID WINE CORPORATION et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [692 NYS2d 873] —Appeal unanimously dismissed without costs. Memorandum: Plaintiff commenced this action seeking recovery of sewer rents paid to the Village of Westfield

(defendant). Plaintiff and defendant entered into an agreement in November 1975 whereby defendant agreed to accept plaintiff's wastewater in return for a fee. Defendant charged plaintiff based in part upon plaintiff's "assigned capacity", or the maximum amount of wastewater that defendant agreed to accept. Plaintiff contends that defendant should charge it only for the actual amount of waste it sends to defendant's treatment plant.

In October 1995 Supreme Court granted plaintiff's cross motion for partial summary judgment. The court thereafter granted defendants' motion for renewal and vacated its October 1995 order, and plaintiff appealed. We reinstated the October 1995 order on the ground that the evidence submitted by defendants was not a proper basis for renewal (*Welch Foods v Wilson*, 247 AD2d 830). Our decision involved only the procedural aspects of the motion for renewal and thus was not a determination on the merits of the issues raised in the October 1995 order.

Although the October 1995 order was reinstated, the court subsequently held in May 1998 that the October 1995 order was no longer in effect. The court held that, in making its decision, it had improperly relied on a neutral advisors' report that had not been provided to the parties. Explaining that due process concerns were implicated, the court determined that extraordinary circumstances existed to vacate the October 1995 order.

The doctrine of law of the case provides that, once an issue is judicially determined, it is not to be reconsidered by Judges or courts of coordinate jurisdiction in the course of the same litigation (*see, Martin v City of Cohoes*, 37 NY2d 162, 165, *rearg denied* 37 NY2d 817; *Holloway v Cha Cha Laundry*, 97 AD2d 385, 386). However, "[t]he doctrine of law of the case is 'not an absolute mandate on the court,' since it may be 'ignored' in 'extraordinary circumstances' vitiating its effectiveness as a rule fostering orderly convenience * * * The error sought to be corrected must, however, be so 'plain * * * [that it] would require [the] court to grant a reargument of a cause'" (*Foley v Roche*, 86 AD2d 887, *lv denied* 56 NY2d 507).

We agree with the court that extraordinary circumstances existed here for the court to set aside its October 1995 order. Indeed, "[w]ere this [C]ourt to reverse [Supreme Court] for its bold practicality, we would be unnecessarily subjecting defendant[ ] to the expense of * * * further appeals to obtain a preordained outcome. The law cannot be so unyielding" (*Foley v Roche, supra*, at 887). The court's reliance on a report that

had not been provided to any of the parties was a violation of procedural due process, which guarantees every party notice and an opportunity to be heard (*see,* US Const, 14th Amend, § 1; *Zinermon v Burch,* 494 US 113, 125-128; *Janowski v Janowski,* 58 AD2d 980, 981; *see also,* 22 NYCRR 100.3 [B] [6] [b]). Thus, the court properly vacated its October 1995 order, and defendant's appeal from that order is moot.

By its August 1997 order, the court properly granted that part of defendant's motion seeking dismissal of plaintiff's claims under the Federal Water Pollution Control Act (33 USC § 1251 *et seq.*). Plaintiff has no private right of action or 42 USC § 1983 claim under that Act (*see, Middlesex County Sewerage Auth. v National Sea Clammers Assn.,* 453 US 1, 14-18).

The " 'pay first, litigate later' " rule requires taxpayers to pay a disputed tax before challenging the propriety of the tax in a court proceeding (*Matter of Morris Investors v Commissioner of Fin. of City of N. Y.,* 69 NY2d 933, 936; *Grant Co. v Srogi,* 52 NY2d 496, 515-516; *Matter of R & G Outfitters v Bouchard,* 101 AD2d 642, 643). That rule applies to the collection of municipal taxes, including sewer charges (*see, Singer v Department of Fin.,* 191 AD2d 320), and thus plaintiff must pay the sewer rents for tax years 1995-1996 and 1996-1997 before challenging those amounts in this action. The court did not abuse its discretion in requiring defendant to post a $2 million bond.

The court also did not abuse its discretion in denying plaintiff's motion for recusal (*see, People v Moreno,* 70 NY2d 403, 405-406; *Kern v City of Rochester,* 217 AD2d 918). Further, the court did not abuse its discretion in denying plaintiff's motion for a change of venue (*see, Lubitz v Mehlman,* 166 AD2d 212, 213). Plaintiff did not meet its burden of establishing that an impartial trial cannot be had in Chautauqua County (*see,* CPLR 510 [2]; *Albanese v West Nassau Mental Health Ctr.,* 208 AD2d 665, 666; *Thomas v Small,* 121 AD2d 622, 624). Finally, the court did not abuse its discretion in granting defendant's cross motion for admonition of counsel for plaintiff (*see, Lowitt v Korelitz,* 152 AD2d 506; *Fiorletti v Kamin,* 85 AD2d 620).

We modify the order in appeal No. 3, therefore, by granting that part of defendant's motion to dismiss the claims for tax years 1995-1996 and 1996-1997 unless plaintiff, within 90 days of service of a copy of the order of this Court with notice of entry, pays the sewer rents for those years. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.