■ DOBCO, INC., Appellant, v FACILITIES DEVELOPMENT CORPORATION, Respondent. [693 NYS2d 276] —Crew III, J. Appeal from an order of the Supreme Court (Donohue, J.), entered May 6, 1998 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

In March 1992, plaintiff and defendant entered into a public works contract for asbestos abatement at Mohawk Valley Psychiatric Center in the City of Utica, Oneida County. Plaintiff,

in formulating its bid, determined that the project required removal of the white surface layer of plaster from the walls and ceiling of the facility. However, on April 24, 1992, at a preconstruction meeting, plaintiff was advised that defendant required it to remove both the surface material and the subsurface material and, further, to clean the wood lathing to which the plaster adhered. Consequently, plaintiff completed the project under protest and commenced this action seeking to recover the cost of doing the required additional work. Plaintiff thereafter moved for summary judgment, which motion was denied. Approximately two years later, defendant moved for summary judgment, which motion was granted, and plaintiff now appeals.

Plaintiff initially contends that the contract at issue is ambiguous and that material questions of fact exist that preclude the award of summary judgment. We agree. While it is true, as contended by defendant, that a drawing annexed to the bid documents called for the removal of "all asbestos containing materials (acm) from building No. 14, including asbestos containing materials in concealed spaces", the bid document describing the materials to be removed repeatedly referred to "surfacing mat'l" and "SM", which plaintiff's principal interpreted to mean the surface layer of plaster on the walls and ceiling. Additionally, in opposition to defendant's motion for summary judgment, plaintiff presented the testimony of an expert, who stated that it was reasonable and consistent with industry practice to have interpreted the subject contract to require removal of the surface plaster and not the subsurface material, inasmuch as the latter normally would not contain asbestos. In short, the contract here is susceptible to at least two reasonable interpretations, thus presenting an issue of fact to be resolved at trial (*see, Yanuck v Paston & Sons Agency,* 209 AD2d 207, 208).

As to the issue of the clarifying addendum, plaintiff alleged that defendant breached the contract by failing to provide clarification of the contract documents. This allegation is based upon Section 00100 of the bid documents, which provides that bidders are to: "Direct all questions regarding the intent or meaning of the drawings or specifications to the Chief, Bureau of Contract Awards, Division of Contract Administration * * *. Such an inquiry may be telephoned or submitted in writing. The reply to such an inquiry, when deemed necessary, will be communicated by Addendum to all persons who have obtained drawings and specifications."

Plaintiff, in its motion for summary judgment, contended

that other bidders were uncertain as to the scope of the work required and made inquiries in that regard. According to plaintiff, such inquiries were answered, but an addendum was not issued to all prospective bidders. Supreme Court, in denying plaintiff's motion, held that the issuance of an addendum was purely discretionary and that defendant's failure to do so could not form the basis for liability. We disagree. Clearly, when inquiry is made regarding the intent or meaning of the specifications, whether a reply is tendered indeed is discretionary. If, however, a reply is made to an inquiring bidder then, a fortiori, a response was deemed necessary and must be communicated by addendum to all prospective bidders. Any other interpretation would deny plaintiff and any other bidder not making such inquiry the opportunity to understand the scope of the work and would place them at a disadvantage to those competitors who made such inquiry and received clarification as to the meaning of the specifications (*see generally*, *Matter of Fischbach & Moore v New York City Tr. Auth.*, 79 AD2d 14, 18-19, *lv denied* 53 NY2d 604).

Cardona, P. J., Mikoll, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.