■ STATE OF NEW YORK, Respondent, v COUNTY OF ERIE, Appellant. [695 NYS2d 815] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's motion for partial summary judgment on liability and denied defendant's cross motion for a scheduling order. Plaintiff commenced this action pursuant to Vehicle and Traffic Law § 385 (2) seeking to recover for the damage caused by defendant's flatbed truck when it struck the underside of a New York State bridge over Route 219 in Orchard Park. Section 385 (2) provides in relevant part that "[a]ny damage to * * * bridges * * * resulting from the use of a vehicle exceeding [13] feet in height where such excess height is the proximate cause of the accident shall be compensated for by the owner and operator of such vehicle." Plaintiff met its initial burden of establishing entitlement to partial summary judgment as a matter of law, and defendant failed to raise an issue of fact. Although defendant contends that the motion is premature (see, CPLR 3212 [f]), it failed to demonstrate that discovery would give rise to an identifiable issue of fact (see, Gardner v Honda Motor Co., 214 AD2d 1024, 1025). Furthermore, the action has been pending for more than two years, and defendant offers no explanation for its failure to investigate and ascertain the facts (see, Rivera v Our Lady of Knox R. C. Church, 197 AD2d 764, 765). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALE MADDOX, Appellant. [696 NYS2d 603] —Judgment unanimously affirmed. Memorandum: Pursuant to a remittitur order of this Court, Supreme Court conducted a hearing to determine the contents of notes taken by a police officer who participated in a "buy and bust" operation but who did not testify at trial and to determine whether those notes were lost, destroyed or still in the possession of the People (People v Maddox, 256 AD2d 1066). That officer was the sole witness at the hearing and testified that he made no notes. The court, crediting the officer's testimony, determined that there were no notes, and thus no Rosario violation. There is no basis for this Court to disturb that determination (see, People v Prochilo, 41 NY2d 759, 761). (Resubmission of Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Callahan and Balio, JJ.