■ LISA A. SANTANGELO et al., as Coadministratrices of the Estate of GUIDO E. MITRAVICH, Deceased, Appellants-Respondents, v FLUOR CONSTRUCTORS INTERNATIONAL, INC., et al., Respondents and Third-Party Plaintiffs, and API, INC., Respondent-Appellant, et al., Defendant. FRANK LILL & SON, INC., Third-Party Defendant-Appellant. [697 NYS2d 881] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied the motion of plaintiffs for partial summary judgment on liability against defendant American Ref-Fuel Company of Niagara on the Labor Law § 240 (1) claim and the cross motion of third-party defendant, Frank Lill & Son, Inc. (Lill), for summary judgment dismissing

the complaint. Plaintiffs' decedent fell from a height of approximately 53 feet at a construction site when struck by the basket of a manlift being operated by a co-worker. There is an issue of fact whether decedent was properly using his safety harness and lanyard at the time of the accident and thus whether he was a recalcitrant worker because he allegedly refused to tie off (*see, Kulp v Gannett Co.* [appeal No. 1], 259 AD2d 969).

The court erred, however, in denying the cross motion of defendant APi, Inc. (APi) for summary judgment dismissing the complaint against it. A subcontractor is not liable for a dangerous condition that arises from another contractor's methods unless it exercised control and supervision over those methods (*see, Murray v South End Improvement Corp.*, 263 AD2d 577; *Gielow v Coplon Home*, 251 AD2d 970, *lv dismissed in part and denied in part* 92 NY2d 1042, *rearg denied* 93 NY2d 889). In addition, a subcontractor may be liable for common-law negligence in supplying defective equipment that is used by employees of another contractor (*see, Schiulaz v Arnell Constr. Corp.*, 261 AD2d 247; *Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1036). APi met its initial burden by establishing that it did not control or supervise the manner in which decedent performed his work and that the manlift was not defective, and plaintiffs failed to raise an issue of fact.

We reject plaintiffs' contention that APi's cross motion was premature because plaintiffs had not completed discovery (*see,* CPLR 3212 [f]). Plaintiffs failed to establish that facts essential to justify opposition to the cross motion were within the exclusive knowledge of APi or another party (*see, Wittkopp v ADF Constr. Corp.*, 254 AD2d 775) or that they could not have completed discovery during the two years since commencement of the action (*see, Adams v Glass Fab*, 212 AD2d 972, 974). Thus, we modify the order by granting the cross motion of APi and dismissing the complaint against it. (Appeals from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.