■ SUFFOLK COUNTY POLICE BENEVOLENT ASSOCIATION, INC., Appellant, v COUNTY OF SUFFOLK, Respondent. [708 NYS2d 693] —In an action, *inter alia,* for a judgment declaring that Suffolk County Resolution No. 377-1998 is invalid, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), entered May 6, 1999, which denied its motion for summary judgment, granted the

defendant's cross motion for summary judgment, and dismissed the complaint.

Ordered that the order and judgment is modified by adding thereto a provision declaring that Suffolk County Resolution No. 377-1998 is valid; as so modified, the order and judgment is affirmed, with costs to the respondent.

Suffolk County Resolution No. 377-1998 (hereinafter the Resolution) precludes the County of Suffolk from selecting arbitrators who have served in labor disputes involving Nassau County within the preceding three years to serve in disputes under collective bargaining agreements voluntarily submitted to arbitration or in binding arbitration. The plaintiff, the Suffolk County Police Benevolent Association, Inc. (hereinafter the PBA) contends that the Resolution conflicts with the collective bargaining agreement between the plaintiff and the defendant (hereinafter the CBA) and with Taylor Law (Civil Service Law § 200 *et seq.*) provisions pertaining to binding arbitration. However, the CBA and the Suffolk County Administrative Code, which contains binding arbitration provisions "substantially equivalent" (Civil Service Law § 212 [1]) to the Taylor Law, permit Suffolk County to select arbitrators according to its own discretion (*see,* Civil Service Law § 209 [4]; § 212 [1]; Suffolk County Administrative Code § A44-9 [D] [3] [b]). Accordingly, contrary to the contentions of the PBA, the Resolution does not conflict with the CBA or the Suffolk County Administrative Code, or violate the New York State Constitution or the Impairment of Contracts Clause in the United States Constitution (*see,* US Const, art I, § 10; NY Const, art IX, § 2 [c]; *Matter of Astoria Med. Group [Health Ins. Plan],* 11 NY2d 128). Also, contrary to the contention of the PBA, the Resolution does not forbid an arbitrator from making comparisons between Nassau and Suffolk County to determine arbitration issues (*see,* Civil Service Law § 209 [4] [a]).

Similarly, since Suffolk County may select its arbitrators according to its own discretion, the PBA lacks standing to assert that the resolution is arbitrary or capricious, or that the Suffolk County Legislature did not possess the authority to determine how Suffolk County should select its arbitrators (*see, Matter of Eaton Assocs. v Egan,* 142 AD2d 330, 334).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the County of Suffolk (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Thompson, J. P., Friedmann, Florio and Smith, JJ., concur.