■ ROEMER AND FEATHERSTONHAUGH, P. C., Respondent-Appellant, v JAMES D. FEATHERSTONHAUGH, Appellant-Respondent, and ELIZABETH K. CLYNE, Respondent, et al., Defendant. [710 NYS2d 190] —Mercure, J. Cross appeals from an order of the Supreme Court (Hughes, J.), entered March 29, 1999 in Albany County, which, *inter alia*, denied plaintiff's motion for partial summary judgment and denied defendant James D. Featherstonhaugh's cross motion for summary judgment dismissing the complaint against him.

Defendant James D. Featherstonhaugh (hereinafter defendant) is a former principal and employee of plaintiff, a professional corporation engaged in the practice of law. Plaintiff commenced this action claiming that defendant, with the assistance of defendant Elizabeth K. Clyne, engaged in clandestine business dealings that generated income which should have been remitted to plaintiff. The complaint pleads causes of action for breach of contract, conversion, breach of fiduciary duty and fraud based upon allegations that defendant's personal business dealings violated his employment agreement (hereinafter the agreement) with plaintiff, which required him to remit all income earned, including commissions and consultation fees, to plaintiff and to "devote his entire time and his best efforts" to plaintiff's business.*

Plaintiff moved for partial summary judgment on the breach of contract and breach of fiduciary duty causes of action. Defendant cross-moved for summary judgment dismissing the complaint against him and Clyne subsequently cross-moved for summary judgment dismissing the complaint against her. Finding that the language of the agreement was ambiguous and that questions of fact existed as to the parties' intentions in entering into it, Supreme Court denied plaintiff's motion and defendant's cross motion. The court, however, determined

---

* The relevant portions of the agreement read as follows:

"4. Time and Work Assignments. The Employee shall devote his entire time and his best efforts to the business of the Employer * * *.

"5. Income. All income resulting from the professional services of the Employee * * * shall belong to the Employer. * * * 'Income' shall include all earnings of Employee on the Employer's time or with its facilities, including salaries, commissions as fiduciary, fees or income received from professional lectures, professional articles and consultation or other work."

that Clyne had no knowledge of the agreement and therefore granted her cross motion and dismissed the complaint against her. Defendant appeals and plaintiff cross-appeals.

Initially, we conclude that Supreme Court did not err in denying plaintiff's and defendant's respective summary judgment motions. The dispositive issue underlying all of plaintiff's causes of action is whether the agreement allowed defendant to pursue personal business dealings and, if so, whether he could withhold the income earned from such activities from plaintiff. Within the context of this case, we conclude that Supreme Court properly determined as a question of law that the language of the agreement requiring defendant to "devote his entire time" to plaintiff's business and that defendant's income "resulting from the professional services" rendered be remitted to plaintiff was ambiguous (*see, Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191; *Estate of Hatch v NYCO Mins.*, 245 AD2d 746, 747), thereby permitting it to examine extrinsic evidence in order to glean the parties' intent (*see, Wood v Maggie's Tavern*, 257 AD2d 733; *Carpinelli v MDF Dev.*, 245 AD2d 866, 867).

Defendant presented considerable evidence in support of his contention that the language of plaintiff's certificate of incorporation that "[t]he corporation is organized to engage in the practice of law" and no "business other than the practice of law" was intended to permit its employees to derive separate income from pursuits outside the practice of law. Therefore, defendant asserts, the language in the agreement requiring him to remit all income "resulting from the professional services of the Employee" cannot be interpreted to refer to income earned via nonlegal business ventures. Notably, defendant submitted the affidavit of Richard Burstein, a former partner in plaintiff who negotiated the agreement, stating that a predecessor partnership was dissolved and plaintiff was formed as a professional corporation as the result of the outside business dealings of defendant and James Roemer, the other primary shareholder of plaintiff and the chief proponent of the instant action. According to Burstein, Roemer told him that the agreement should be structured so that there would be no restraints on his or defendant's ability to conduct outside business. Steven Wiley, another former partner in plaintiff, submitted an affidavit wherein he stated that Roemer specifically instructed him to draft plaintiff's certificate of incorporation in a manner strictly limiting plaintiff's business to the practice of law so

that he and defendant could engage in outside ventures without plaintiff making a claim for the income generated in those pursuits.

For his part, Roemer submitted an affidavit stating that the "entire time" language in paragraph four of the agreement was intended to modify the income provisions of paragraph five. Under this interpretation, defendant was required to devote all of his time and best effort to plaintiff's business. In fact, because the consulting work that defendant performed on behalf of Medco Containment Services, Inc., was the same service as he rendered on behalf of plaintiff, defendant was directly competing with plaintiff, and affidavits of Guy Roemer and William Wallens, two former partners in plaintiff, stated that the agreement was written to prohibit defendant from engaging in personal business ventures that directly competed with plaintiff's business. In view of the conflicting affidavits, reasonable minds could easily differ as to whether the agreement prohibited defendant from engaging in personal ventures, thereby presenting a factual issue for resolution at trial (*see*, *Dobco, Inc. v Facilities Dev. Corp.*, 263 AD2d 592; *Yanuck v Paston & Sons Agency*, 209 AD2d 207, 208).

We similarly conclude that questions of fact exist concerning defendant's affirmative defenses of waiver, equitable estoppel, laches and the doctrine of practical construction. Despite his lengthy legal analysis, defendant overlooks the fact that all of these defenses are predicated upon factual assertions that cannot be properly resolved on a motion for summary judgment. He essentially argues that since its inception, every member of plaintiff knew what he was doing and conducted similar activities and that plaintiff should therefore be estopped from objecting to his activities. However, the opposing affidavits submitted on the motions present numerous issues of fact as to when plaintiff's principals became aware of defendant's personal business ventures and whether such ventures were an accepted practice within plaintiff. We therefore conclude that Supreme Court did not err in denying defendant's summary judgment motion.

As a final matter, we conclude that Supreme Court properly granted Clyne's motion for summary judgment dismissing the complaint against her. The *sine qua non* of plaintiff's allegations against Clyne is that she breached a duty to disclose that defendant was engaged in a personal business deal that violated the agreement. The uncontroverted evidence adduced

on the motions, however, discloses that Clyne was not a party to the agreement and was in fact unaware of its existence until following plaintiff's break-up. Plaintiff's speculation that further discovery may uncover some evidence to support its claims against Clyne by no means mandated Supreme Court's denial of Clyne's summary judgment motion (*see, Sloane v Repsher*, 263 AD2d 906; *Cox v Maloney*, 262 AD2d 832).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.