■ J.R. Adirondack Enterprises, Inc., Doing Business as EZ Mart, Respondent, v Hartford Casualty Insurance Company, Appellant, et al., Defendants. [739 NYS2d 795] —Appeal from an order of Supreme Court, Oneida County (Murad, J.), entered January 9, 2001, which, inter alia, denied the cross motion of defendant Hartford Casualty Insurance Company for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and dismissing the complaint against defendant Hartford Casualty Insurance Company unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, files and serves an amended complaint to allege the cause of action made out in its submissions and by denying that part of plaintiff's motion seeking leave to amend the complaint to include a request for consequential damages and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that defendant Hartford Casualty Insurance Company (Hartford) breached the terms of its insurance policy by failing to pay plaintiff's claim for business income lost as the result of an explosion and fire that heavily damaged plaintiff's convenience store and gas station in January 1998. Hartford contends that Supreme Court erred in denying its cross motion seeking summary judgment dismissing the complaint against it on the ground that the policy as renewed by plaintiff in August 1997 provides that "business income and extra expense coverage is deleted." We agree with Hartford that plaintiff, having received the declarations pages and insurance policy, is conclusively presumed to know the terms of the renewed policy (*see, Madhvani v Sheehan*, 234 AD2d 652, 654-655). Nevertheless,

plaintiff's submissions make out an unpleaded cause of action for reformation of the policy to include the deleted coverage. That cause of action is based upon an alleged mutual mistake arising from Hartford's failure to renew the policy according to terms agreed upon by plaintiff and defendant Burkhard-Evans, Inc. (Burkhard-Evans), as the agent of Hartford. "Mutual mistake occurs when the parties have reached an oral agreement and, unknown to either, the subsequent writing does not express that agreement" (*Loyalty Life Ins. Co. v Fredenberg*, 214 AD2d 297, 299). We reject the contention of Hartford that it conclusively established that Burkhard-Evans was not its agent, and thus we conclude that there is an issue of fact whether reformation is warranted (*see, Burke v Nationwide Ins. Co.*, 108 AD2d 1098, 1099-1100). We therefore modify the order by granting the cross motion and dismissing the complaint against Hartford unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, files and serves an amended complaint to allege the cause of action made out in its submissions (*see, Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281).

Hartford further contends that the court erred in granting that part of plaintiff's motion seeking leave to amend the complaint to include a request for consequential damages. We agree. The insurance policy at issue here expressly excludes coverage for consequential losses (*see, Crawford Furniture Mfg. Corp. v Pennsylvania Lumbermens Mut. Ins. Co.*, 244 AD2d 881). We therefore further modify the order accordingly. Present—Hayes, J.P., Wisner, Hurlbutt, Burns and Lawton, JJ.