■ LISA A. SANTANGELO et al., as Coadministratrices of the Estate of GUIDO E. MITRAVICH, Deceased, Plaintiffs, v FLUOR CONSTRUCTORS INTERNATIONAL, INC., et al., Defendants, and Third-Party Plaintiffs. FRANK LILL & SON, INC., Third-Party Defendant and Second Third-Party Plaintiff-Respondent. JLG INDUSTRIES, INC., Second Third-Party Defendant-Appellant, et al., Second Third-Party Defendant. FRANK LILL & SON, INC., Second Third-Party Plaintiff-Respondent, v APi, INC., Third Third-Party Defendant-Appellant. [741 NYS2d 807] —Appeals from an order of Supreme Court, Niagara County (Fricano, J.), entered June 8, 2001, which, inter alia, denied the motion of third third-party defendant APi, Inc. for summary judgment.

It is hereby ordered that said appeal insofar as it reserved decision be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: This wrongful death action was commenced following the death of Guido Edward Mitravich (decedent), an employee of Frank Lill & Son, Inc. (Lill) who sustained fatal injuries at a construction site. A manlift manufactured by second third-party defendant JLG Industries, Inc. (JLG), leased by third third-party defendant APi, Inc. (APi), and operated by a Lill coworker struck the ductwork upon which decedent stood, causing him to fall 53 feet to the ground (see Santangelo v Fluor Constructors Intl., 266 AD2d 893). Plaintiffs alleged causes of action for common-law negligence and violations of the Labor Law against several defendants, including APi. In April 1998 plaintiffs moved for partial summary judgment on liability against the owner of the construction site on the Labor Law § 240 (1) claim, and in May 1998 APi cross-moved for summary judgment dismissing the complaint against it. By the time of the motion and cross motion, Lill was a third-party defendant in an action commenced against it by defendants in the main action other than APi and, one month before plaintiffs' motion, Lill had commenced a second third-party action against, inter alia, JLG. Supreme Court denied, inter alia, the motion and cross motion. We modified the order on appeal by granting APi's cross motion and dismissing the complaint against it, determining that "APi met its initial burden by establishing that it did not control or supervise the manner in which decedent performed his work and that the manlift [leased by APi from a third party] was not defective, and plaintiffs failed to raise an issue of fact" (Santangelo, 266 AD2d at 894). In rejecting the contention of plaintiffs that APi's cross motion was premature because they had not completed discovery (see CPLR 3212 [f]), we determined that plaintiffs

failed to establish that facts essential to justify opposition to the cross motion were within the exclusive knowledge of APi or another party or that they could not have completed discovery in the two years since commencement of the action (*Santangelo*, 266 AD2d at 894).

After that appeal was perfected but before the issuance of our decision therein, Lill obtained evidence that APi had modified the manlift by installing two sheet metal hooks on the basket. Lill thereafter commenced a third third-party action against APi based upon the alleged modifications. APi moved to dismiss the third third-party complaint against it or, alternatively, for summary judgment on the grounds of, inter alia, res judicata and collateral estoppel. JLG moved for summary judgment dismissing the second third-party complaint against it on the same grounds, and on the additional grounds that APi's modifications were the superseding cause of the accident and that there had been spoliation of the evidence. In the alternative, JLG sought a bifurcated trial. The court denied the motion of APi in its entirety and denied the motion of JLG to the extent that it sought summary judgment dismissing the second third-party complaint against it. The court reserved decision on that part of JLG's motion seeking a bifurcated trial.

The court properly refused to dismiss the second third-party and third third-party complaints against JLG and APi, respectively. We reject the contention of APi that res judicata bars the claim of Lill that APi's alleged modification of the manlift caused or contributed to decedent's injuries. The application of that doctrine requires the existence of a prior final judgment on the same cause of action between the same parties as in the current action (*see generally Matter of Hodes v Axelrod*, 70 NY2d 364, 372). Here, there is no prior final judgment on any claim of Lill against APi. Similarly, res judicata does not bar Lill's second third-party action against JLG based upon the allegedly defective manlift (*see generally id.*).

We further reject the contention of APi that Lill's claim against it with respect to its alleged modification of the manlift is barred by collateral estoppel. In order to establish the applicability of the doctrine of collateral estoppel, "[t]he litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party" (*Buechel v Bain*, 97 NY2d 295, 304). To avoid application of the doctrine, "[t]he party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" *id.; see*

*Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 432). Here, APi failed to meet its burden of establishing that the issue of the effect of its modifications to the manlift was raised in Supreme Court at the time of the initial motion and cross motion or on the first appeal, prior to the commencement of Lill's third third-party action against it. In any event, Lill established that it did not have a full and fair opportunity to litigate the issue whether APi's modifications to the manlift caused or contributed to decedent's injuries (*see Sucher v Kutscher's Country Club*, 113 AD2d 928, 931; *see generally Buechel*, 97 NY2d at 304). The evidence of modification constitutes new evidence in the case, one of the factors to consider in determining whether the party opposing application of collateral estoppel had a full and fair opportunity to litigate the issue (*see Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 72; Restatement [Second] of Judgments § 29, Comment *j*).

JLG did not participate as a party in the motion and cross motion at issue on the first appeal; rather, JLG participated only as an amicus on appeal with respect to the recalcitrant worker defense, and thus it cannot be said that Lill had a full and fair opportunity to litigate the issue of JLG's liability. The court therefore properly denied that part of the motion of JLG seeking summary judgment dismissing Lill's second third-party complaint against it on the ground of collateral estoppel. The doctrine is a flexible one and, "[i]n the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of * * * fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings" (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 153).

With respect to the remaining grounds for summary judgment asserted by JLG, we conclude that JLG failed to meet its burden of establishing as a matter of law that any subsequent modification of the manlift by APi was the superseding cause of decedent's injuries, i.e., that the subsequent modification rendered an originally safe product defective (*see Smith v Minster Mach. Co.*, 233 AD2d 892, 893; *see generally Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 475). Lill alleges that there may be two contributing causes of the accident: downdrift in the hydraulic system, which caused the basket to drift downward onto the ductwork, and APi's placement of the sheet metal hooks on the basket, which may have

become caught on the ductwork insulation. JLG has not met its burden of establishing that the hooks alone were the superseding cause of the accident.

Absent evidence that Lill was responsible for spoliation of evidence, we reject the further contention of JLG that alleged spoliation entitles it to summary judgment dismissing Lill's second third-party complaint against it (*see generally Jones v General Motors Corp.*, 287 AD2d 757, 759-760). Finally, because the court reserved decision on that part of JLG's motion seeking an order granting a bifurcated trial, that part of JLG's appeal must be dismissed (*see Cobb v Kittinger*, 168 AD2d 923). Present—Pigott, Jr., P.J., Hayes, Wisner, Scudder and Kehoe, JJ.