■ PETER A. MORALES et al., Appellants, v GRAND CRU ASSOCIATES et al., Respondents. [759 NYS2d 890] —In an action, inter alia, to recover damages based on quantum meruit and for unjust enrichment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated April 20, 2002, as granted that branch of the defendants' motion which was for summary judgment dismissing the second and third causes of action to recover damages based on quantum meruit and for unjust enrichment, and denied the branches of their motion which were for summary judgment on those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants demonstrated their prima facie entitlement to summary judgment on the causes of action to recover damages based on quantum meruit and for unjust enrichment by submitting evidence that the parties entered into a written agreement that defined their relationship. In opposition, the plaintiffs submitted only conclusory and unsubstantiated allegations that a separate oral agreement existed between the parties. This was insufficient to defeat that branch of the defendants' motion which was for summary judgment on these two causes of action (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The existence of an express agreement, whether oral or written, governing a particular subject matter precludes recovery in quasi contract for events arising out of the same subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388 [1987]; *Bradkin v Leverton,* 26 NY2d 192, 196 [1970]; *Miller v Schloss,* 218 NY 400, 407 [1916]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.