■ JASON L. SCHMIDT, Appellant, v GREGORY V. LORENZO et al., Respondents. (Appeal No. 1.) [894 NYS2d 641]—

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered September 18, 2008. The order denied plaintiff's motion for summary judgment on the cause of action for conversion and granted the cross motion of defendants for summary judgment dismissing that cause of action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff attorney commenced this action seeking damages arising from, inter alia, his alleged investment in a corporation. In appeal No. 1, plaintiff appeals from an order that denied his motion seeking summary judgment on his cause of action for conversion and granted defendants' cross motion for summary judgment dismissing that cause of action. We conclude that Supreme Court properly granted defendants' cross motion inasmuch as it is well established that a cause of action "to recover damages for conversion cannot be predicated on a mere breach of contract" (Wolf v National Council of Young Israel, 264 AD2d 416, 417 [1999]; see D'Ambrosio v Engel, 292 AD2d 564 [2002], lv denied 99 NY2d 503 [2002]; Welch Foods v Wilson, 277 AD2d 882, 885 [2000]). Here, the parties agree that there was an oral agreement pursuant to which plaintiff would pay to defendant Gregory V. Lorenzo the sum of $50,000, the

only amount disputed on appeal, in exchange for shares of corporate stock. That agreement governs the parties' transaction and thus precludes recovery based on a cause of action for conversion (*see Welch Foods*, 277 AD2d at 885).

In appeal No. 3, plaintiff appeals from an order insofar as it denied his motion for summary judgment on the cause of action for unjust enrichment. Recovery on that cause of action, insofar as it is based on the same facts as those alleged in the cause of action for conversion, is similarly precluded by the existence of the oral agreement (*see Morales v Grand Cru Assoc.*, 305 AD2d 647 [2003], *lv denied* 100 NY2d 510 [2003]; *Welch Foods*, 277 AD2d at 885; *see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]). We note that, although the complaint alleges that defendants were additionally unjustly enriched by virtue of services rendered by plaintiff for which no compensation was received, plaintiff has abandoned any contention with respect to those services on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.