## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 11, 2015                    519812

_____

STANLEY E. DAVIS et al.,

                    Respondents-
                    Appellants,

        v
                                          MEMORANDUM AND ORDER
BEL DONO, LLC, et al.,

                    Appellants-
                    Respondents.

_____

Calendar Date:  April 30, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Rose, JJ.

_____


        D'Arrigo & Cote, Liverpool (Mario D'Arrigo of counsel), for appellants-respondents.

        Wladis Law Firm, East Syracuse (Timothy J. Lambrecht of counsel), for respondents-appellants.

_____


Lahtinen, J.P.

        Cross appeals (1) from an order of the Supreme Court (Demarest, J.), entered February 21, 2014 in St. Lawrence County, which, among other things, denied defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 8, 2014 in St. Lawrence County, which, among other things, upon renewal, adhered to its prior decision.

        In 1974, Supreme Court (Shea, J.), determined that plaintiffs (and certain other individuals) had established their right to a prescriptive easement over property of defendants' predecessors.  After defendants purchased the property in 2011, a dispute arose as to whether the 1974 order included a right to

cross a short section referred to by the parties as, among other things, a "roadway" or "driveway," and aptly labeled by Supreme Court (Demarest, J.) as a "spur." The spur provided access to a lake and, when defendants blocked the spur, plaintiffs commenced this action. Motions ensued, which Supreme Court treated as competing motions for summary judgment. Supreme Court denied the summary judgment motions in February 2014, without prejudice to renewal after discovery. Defendants moved to renew in March 2014, and plaintiffs moved to amend their complaint. In a July 2014 order, Supreme Court granted defendants' request for renewal, but adhered to its determination that summary judgment was not appropriate. As for plaintiffs' motion, the court permitted plaintiffs to add a cause of action alleging a prescriptive easement as to the spur, but denied their request to include a cause of action for an easement by necessity. Both parties appeal.

We agree with Supreme Court that review of the 1974 decision and order reveals a significant ambiguity as to whether the spur was intended to be included in the easement (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990] ["(w)hether or not a writing is ambiguous is a question of law to be resolved by the courts"]). For example, it is not clear whether the spur existed in 1974 and was considered one of the roadway "branches" referenced by the 1974 order as being included in the easement, or whether the spur was merely a driveway and the "branches" referred to separate northerly and southerly roads included in the easement. Consideration of extrinsic evidence is thus appropriate (see e.g. Roemer & Featherstonhaugh v Featherstonhaugh, 274 AD2d 630, 631 [2000]; Broadcast Music, Inc. v DMX, Inc., 683 F3d 32, 43 [2d Cir 2012]). The parties produced, among other evidence, affidavits from individuals who are personally familiar with the relevant area — some for decades — and those affidavits reveal significant conflicts on several key factual issues that must be subjected to the crucible of cross-examination so that proper credibility determinations can be made. Accordingly, summary judgment was appropriately denied to both parties.

Inasmuch as the amendment allowed to plaintiffs' complaint was not wholly devoid of merit and defendants did not show

prejudice, we are unpersuaded that Supreme Court abused its discretion in partially granting plaintiffs' motion to amend their complaint (see Leclaire v Fort Hudson Nursing Home, Inc., 52 AD3d 1101, 1102 [2008]; Bast Hatfield, Inc. v Schalmont Cent. School Dist., 37 AD3d 987, 988 [2007]).

Garry, Egan Jr. and Rose, JJ., concur.


ORDERED that the orders are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court