■ In the Matter of BIG TREE ASSOCIATION, INC., Respondent, v GRAND LODGE, INDEPENDENT ORDER OF ODD FELLOWS, Appellant. [647 NYS2d 622] —Order unanimously affirmed without costs. Memorandum: Upon granting the reargument motion of respondent Grand Lodge, Independent Order of Odd Fellows (Grand Lodge), Supreme Court properly refused to vacate its order dissolving petitioner, a not-for-profit organization, and directing that its assets be paid to the Avon Lodge, International Order of Odd Fellows, pursuant to Not-For-Profit Corporation Law § 1005 (a) (3). Grand Lodge's contention, raised for the first time on appeal, that petitioner's motion for summary judgment was premature because issue had not been joined is unpreserved for our review (*see,* CPLR 4017, 5501 [a] [3]). In any event, issue had been joined because respondent

New York State Department of Taxation had filed an answer to the dissolution petition. Moreover, after the court granted reargument of the summary judgment motion, Grand Lodge submitted extensive papers in opposition thereto and, indeed, cross-moved for summary judgment. Those papers served the purpose of an answer insofar as they identified Grand Lodge's position and defenses to the petition (*see generally, Miller v Nationwide Mut. Fire Ins. Co.*, 92 AD2d 723; *see also, Kreitman v Einy*, 92 AD2d 801, *appeal dismissed* 59 NY2d 730).

Grand Lodge further contends that, upon reargument, it raised a material issue of fact to defeat petitioner's motion for summary judgment. We disagree. As the court determined, Grand Lodge submitted no proof that petitioner transferred to Grand Lodge an interest in the disputed real property "by act or operation of law, or by a deed or conveyance in writing," as required by General Obligations Law § 5-703 (1). The fact that members of petitioner, which purchased the property in 1914, became members of the Big Tree Lodge, I.O.O.F., a local lodge of Grand Lodge, and adopted Grand Lodge's constitution and bylaws in 1958 is irrelevant to the issue whether an interest in the property was transferred pursuant to General Obligations Law § 5-703 (1). (Appeal from Order of Supreme Court, Livingston County, Cicoria, J.—Vacate Order.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.