■ GUISEPPE CACCIATORE, Plaintiff, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant and Third-Party Plaintiff-Respondent. WYATT COMPANY, Third-Party Defendant-Appellant; HEIDELL, PITTONI, MURPHY & BACH, P. C., et al., Third-Party Defendants; SWEET & LEVINE, INC., Third-Party Defendant-Respondent. [651 NYS2d 608] —In an action to recover damages for personal injuries, the Wyatt Company appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated October 24, 1995, which granted the motion of Sweet & Levine, Inc., for summary judgment dismissing the

third-party complaints and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action solely against the Equitable Life Assurance Society of the United States (hereinafter Equitable) based on violations of the Labor Law. Equitable subsequently commenced separate third-party actions against, *inter alia*, the appellant, the Wyatt Company, and against the respondent, Sweet & Levine, Inc. (hereinafter Sweet). The appellant then commenced a third third-party action against Sweet. The Supreme Court granted Sweet's motion for summary judgment dismissing the third-party complaints and all cross claims insofar as asserted against it.

The appellant raises no issue on appeal with respect to the substantive merits of the order. Rather, the appellant contends that it was not provided with notice that Sweet's motion for summary judgment encompassed the claims in its third-party complaint against Sweet and therefore the order which dismissed its third-party complaint was "overbroad". This contention is without merit. Sweet's motion for summary judgment sought, *inter alia*, the dismissal of all cross claims against it, and the appellant's third-party action against Sweet was actually a cross claim between co-parties seeking indemnification and contribution for any damages awarded to the plaintiff (*see,* Siegel, NY Prac § 173, at 262; § 227, at 331 [2d ed]; 3 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 3019.13, 3019.18; *see also, Kingston v Hunter Highlands,* 222 AD2d 952). As the appellant submitted papers in opposition to the motion, it clearly had an opportunity to be heard before its complaint against Sweet was dismissed.

The appellant's remaining contention is unpreserved for appellate review (*see, Matter of Big Tree Assn. v Grand Lodge, Independent Order of Odd Fellows,* 231 AD2d 903; *Connors v Wilmorite, Inc.,* 225 AD2d 1040). Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.