■ ANDREA BRENNER, Respondent, v JOHNSON CONTROLS, INC., et al., Defendants, and BRICKMAN GROUP, LTD., Appellant. (And a Third-Party Action.) [716 NYS2d 715] —In an action to recover damages for personal injuries, the defendant The Brickman Group, Ltd., appeals from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 9, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint and all cross claims insofar as asserted against the appellant are dismissed.

On February 14, 1996, the plaintiff allegedly slipped and fell on an icy patch of ground in the parking lot of her employer, the third-party defendant International Business Machines Corporation (hereinafter IBM). It is undisputed that the icy condition was created by a discharge of water into the parking lot the night before the accident, when IBM employees conducted a drain test on the sprinkler system in the building adjacent to the parking lot. Low temperatures that night caused the water to freeze and form a layer of ice on the ground. Snow began falling and left a light dusting of snow on top of the ice. IBM discovered the condition and notified the appellant, The Brickman Group, Ltd. (hereinafter Brickman), a subcontractor responsible for snow and ice removal. Brickman promptly arrived at the site, but did not remedy the condition in time to prevent the plaintiff's fall.

The plaintiff commenced this action against Brickman and two other maintenance contractors employed by IBM, Johnson Controls, Inc. (hereinafter Johnson), and Blacktop Maintenance Corp. (hereinafter Blacktop), alleging that they were negligent in failing to remedy the icy condition. At the comple-

tion of discovery, all three defendants moved for summary judgment on the ground that no duty was owed to plaintiff under their respective contracts. Johnson and Blacktop alleged as an additional ground that neither of them had notice of the icy condition. The Supreme Court granted the motions of Johnson and Blacktop, but denied Brickman's motion on the ground that it had actual notice of the icy condition. Brickman appeals.

In the "ordinary case, a contractual obligation, standing alone, will impose a duty only in favor of the promisee and intended third-party beneficiaries" (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226). An exception to this general rule exists where the contract is of such a comprehensive and exclusive nature that the contracting party in effect displaces the landowner's duty of care to third persons (*see, Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579). Contrary to the plaintiff's contention, Brickman's maintenance obligations were not so comprehensive and exclusive as to bring it within the exception to the general rule. The evidence indicates that IBM retained control and supervision over the performance of Brickman's work, and did not relinquish total responsibility to Brickman for the handling of icy conditions. This renders Brickman's contractual undertaking a limited and not a comprehensive and exclusive one (*see Arnhold v Pyramid Mgt. Group,* 260 AD2d 518; *Riekers v Gold Coast Plaza,* 255 AD2d 373; *Keshavarz v Murphy,* 242 AD2d 680; *cf., Palka v Servicemaster Mgt. Servs., supra*). No duty was owed to plaintiff. Accordingly, Brickman's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it should have been granted. O'Brien, J. P., Thompson, H. Miller and Schmidt, JJ., concur.