■ LENORE BRADLEY, Plaintiff, v BENCHMARK MANAGEMENT CORPORATION, Defendant and Third-Party Plaintiff-Respondent. HASELEY TRUCKING CO., INC., Third-Party Defendant-Appellant. [741 NYS2d 797] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered September 21, 2001, which granted the motion of third-party plaintiff for leave to serve an amended third-party complaint and denied the cross motion of third-party defendant for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted and the third-party complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for personal injuries that she sustained when she slipped and fell on accumulated snow and ice in a parking lot in Niagara Falls. The property is owned by ACG Military Road Associates, L.P. (ACG), which contracted with defendant-third-party plaintiff, Benchmark Management Corporation (Benchmark), to manage it. ACG also contracted with third-party defendant, Haseley Trucking Co., Inc. (Haseley), for snow removal services. After commencing a third-party action against Haseley for breach of the snow removal contract, Benchmark moved for leave to serve an amended third-party complaint asserting an additional cause of action against Haseley for negligence. Haseley cross-moved for summary judgment dismissing the third-party complaint.

Supreme Court erred in granting Benchmark's motion inasmuch as the proposed cause of action lacks merit (*see Morgan v Prospect Park Assoc. Holdings,* 251 AD2d 306). We reject Benchmark's contention that Haseley's contractual undertaking is so comprehensive and exclusive as to give rise to a duty of care to third parties (*see Brenner v Johnson Controls,* 277 AD2d 412, 413; *LaDue v G & A Group,* 241 AD2d 791, 792; *Phillips v. Young Men's Christian Assn.,* 215 AD2d 825, 826).

The court further erred in denying Haseley's cross motion

seeking summary judgment dismissing the third-party complaint. Contrary to the court's determination, questions of fact do not exist whether Benchmark is an intended third-party beneficiary of the snow removal contract. " '[I]t is the intention of the promisee which is of primary importance in ascertaining whether a party is to be considered an intended beneficiary' " (*Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 455, quoting *Goodman-Marks Assoc. v Westbury Post Assoc.*, 70 AD2d 145, 148; *see Peckham Rd. Corp. v Town of Putnam Val.*, 218 AD2d 789, 790, *appeal dismissed* 87 NY2d 912, *lv denied in part and dismissed in part* 88 NY2d 867). The promisee here is ACG, and there is no evidence that ACG intended its contract with Haseley to benefit Benchmark (*see BIB Constr. Co. v City of Poughkeepsie*, 204 AD2d 947, 948). Benchmark's contention that the cross motion is premature because further discovery is required is raised for the first time on appeal and therefore is not properly before us (*see Connors v Wilmorite, Inc.*, 225 AD2d 1040; *see also Matter of Big Tree Assn. v Grand Lodge, Ind. Order of Odd Fellows*, 231 AD2d 903). In any event, Benchmark has "failed to demonstrate that discovery would give rise to an identifiable issue of fact" (*State of New York v County of Erie*, 265 AD2d 853, 853). Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.